FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM EDWARD GREEN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>EASTERN STATE HOSPITAL,<br><br>　　　　　　Respondent. | No.　2:24-CV-0046-TOR<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

By Order filed March 20, 2024, the Court directed Petitioner William Edward Green to show cause why his *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 should not be dismissed as a proper exercise of abstention under *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 3. Petitioner, a pretrial detainee currently housed at Eastern State Hospital, has paid the $5.00 filing fee. Respondent has not been served.

In Petitioner's timely Response, he states that he is in immediate danger of losing his house as his taxes are due now and his house will be sold at auction on

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 1

December 6, 2024.  ECF No. 4 at 1.  He claims that his attorney "seems to be to [sic] caught up in his up coming [sic] trip to Europe than [his] case."  *Id*.  Petitioner asks the Court to help him keep his house by releasing him.  *Id*. at 2.

### *YOUNGER* ABSTENTION

In its Order to Show Cause, the Court determined that *Younger* abstention applies to Petitioner's habeas action and thus, the District Court must not interfere with his ongoing state proceedings unless extraordinary circumstances exist, such as a threat of irreparable injury that is "both great and immediate."  ECF No. 3 at 4–6; *Younger*, 401 U.S. at 46.  Extraordinary circumstances may also include bad faith or harassment on the part of the state.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982).

Petitioner does not identify any "extraordinary circumstances" that would warrant an exception to abstention.  He appears to assert that *Younger* abstention should not be applied to this action because he is in immediate danger of losing his house.  ECF No. 4 at 1.  Although Petitioner contends that his taxes are due now, he does not identify how his house being sold at auction on December 6, 2024 is an immediate injury.  Accordingly, the Court concludes that *Younger* abstention is appropriate, as Petitioner has not asserted facts sufficient to show he is entitled to federal pretrial intervention.

Accordingly, for the reasons set forth above and in the Court's prior Order, ECF No. 3, **IT IS HEREBY ORDERED** that the Petition, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** based on *Younger* abstention.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Petitioner, and **close** the file.  The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability is therefore **DENIED**.

**DATED** this 22nd day of April 2024.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 3